Per Curiam.

The first objection cannot avail, because no exception to the parol evidence of the warrant was made at the trial. The witness who swore to the warrant, may, for any thing that appears, have had it in his pocket, ready to be produced if it had been required.(a) As to the second objection, the act of the 18th of April, 1815, (sess. 38. c. 227. p. 231.) declares, that “ necessary cooking utensils, owned by any person being a householder, shall be exempted from execution and distress for rent.” In this case, it appears that the plaintiff was a householder; but it does not appear that any of the articles dis-trained were, in fact, to him, necessary cooking utensils. It does not appear that these were all the cooking utensils found in the plaintiff’s possession ; he may have had an abundant supply, besides these articles. In order to claim the benefit of that statute, tthe party must show affirmatively, and certainly, that the cooking utensils were, in fact, necessary. It is not sufficient, as in this case, to show merely, that the articles distrained might he useful in cooking. The judgment, therefore, ought to be affirmed.
Judgment affirmed.

 Vide Cobb v. Curtiss, 8 Johns. Rep. 470. Van Slyck v. Taylor, 9 Johns. Rep. 146, Reed v. Ginet, 12 Johns. Rep. 296.