### CHAMBERS *vs.* HALSTED.

In trover by plaintiff, a mechanic seeking to avail himself of the benefit of the exemption act, against defendant for levying on and selling under execution one of the plaintiff's necessary implements of trade, the onus lies on him of proving that the value of all his tools, including the one in question, does not exceed the amount specified in the exemption act.

The same principle applies if plaintiff claims exemption as head of a family for which he provides.

ERROR to the Yates common pleas. This was an action of trover for a deric, tried in a justice's court in Yates county, and judgment rendered for the plaintiff for $22.46. The judgment was removed by certiorari to the common pleas and there reversed, and that judgment is brought here by writ of error. It appeared on trial in the justice's court that a judgment had previously been rendered in favor of the defendant against the plaintiff, upon which an execution issued and was, by the direction of the defendant, levied on the deric, which was afterwards sold to pay the judgment. For this seizure and sale the plaintiff brought suit and he proved that he was a stone-mason by trade, and carried on the business of building ; that a deric was a necessary tool or implement for a mason, and that he had used this one in his business. He also proved that he had no other deric, and that he was a man of a family with whom he lived, and for whom he provided. Two objections were made to the recovery. 1. That the plaintiff had not proved the deric to be a necessary tool or implement of his trade. 2. That he had failed to give any evidence that he had not other

tools and implements of his trade amounting in value to $25.00. (*a*)

*J. S. Glover*, for plaintiff in error.

*E. Van Buren*, for the defendant.

*By the Court*, BEARDSLEY, J. The last objection is fatal. If the plaintiff sought to recover on the ground that he was a mechanic, and the deric a tool or implement necessary to the carrying on of his trade (2 R. S., 367, § 22), he was bound to prove that the value of all such tools and implements owned by him, the deric included, did not exceed twenty-five dollars. (*a*) The exemption goes to that extent and no further, and one who seeks to avail himself of the privilege must prove every fact upon which it rests, although it involves the necessity of sustaining a negative proposition. Simply proving that he was a mechanic and the deric a necessary tool or implement of trade, was not enough to establish the exemption set up; he may have had other tools and implements of the like nature and quality, exceeding the value of such as are exempt from execution. (*Van Sicklar* v. *Jacobs*, 14 Johns., 434.) The same principle applies where the plaintiff claims as head of a family for which he provides, and that the deric was a necessary working tool owned by him. (Laws 1842, p. 193, § 1.) But no proof was offered tending, in the slightest degree, to show that the plaintiff had not other property to the full amount protected by the exemption. The onus was on the plaintiff, and failing to prove this part of his case he was not entitled to recover. The judgment of the common pleas should be affirmed with costs.

Judgment affirmed.

---

(*a*) See 2 R. S., 367, § 23. Also, *Wilson* v. *Ellis*, 1 Den., 462; *Rue* v. *Alter*, 5 Den., 119; *Quackenbush* v. *Danks*, 1 Den., 128, 3 id., 594, 1 Comst., 129, and *Morse* v. *Goold*, 1 Kern., 281; *Mathewson* v. *Weller*, 3 Den., 52