5b 607
153a 339
5b 607
22ap449

## PROSSER and others *vs.* SECOR.

In order to enable a minister of the gospel to maintain an action against asses-sors, for assessing his property and thereby subjecting him to the payment of taxes, he must show affirmatively, 1. That he is a minister 'of the gospel, or priest of some denomination, and 2. That the value of both his real and per-sonal property does not exceed $1500.

Where a justice, in his return to a certiorari, omits to certify that the return con-tains all the evidence given before him, the court will presume, in the absence of such certificate, that additional evidence was given, sufficient to support the verdict.

Assessors have no authority to enter upon the assessment roll the name of any person whose property is by law exempt from taxation; nor to impose an assessment thereon. They have no jurisdiction whatever over such persons, or their property. Nor can they acquire any by any act, or decision, of their own.

Accordingly *held*, that assessors have no jurisdiction over the person or the prop-

Prosser *v.* Secor.

erty of a minister of the gospel not having real and personal estate exceeding the value of $1500, which will authorize them to impose an assessment upon his property.

The assessment of property is a judicial act, upon which a certiorari will lie. But to make an assessment legal, the assessors must have jurisdiction of the particular case. If they transcend the limits of their authority, and undertake to assess property exempt by statute, they cease to be judges, and are responsible for all the consequences.

In determining whether they have jurisdiction or not, in a given case, assessors do not act judicially.

No officer can acquire jurisdiction by deciding that he has it. In all such cases every officer, whether judicial or ministerial, decides at his peril. *Per* JOHNSON, P. J.

ERROR from the Orleans common pleas. The suit was originally commenced before a justice of the peace. The declaration before the justice was in case. Secor, the plaintiff in the justice's court, declared against Prosser and others (the plaintiffs in error) as assessors, for assessing him as a taxable inhabitant of the town of Kendall in the county of Monroe, in the year 1844. The declaration averred that Secor was a minister of the gospel, and the owner and occupant of a farm in that town, in the year 1844, and that the whole value of his real and personal estate did not exceed $1500, and was wholly exempt from taxation. That the defendants, being assessors, and knowing him to be a minister, and that his property was exempt, assessed his said farm upon the assessment roll of that year, by means whereof taxes were afterwards assessed, and levied and collected from him. The plea was the general issue. The assessment roll was introduced on the trial, and the tax list, by which it appeared that the defendant was assessed for 104 acres of land, valued at $1280, and he was taxed therefor $6,50. The plaintiff also proved that he was assessed for highway work in consequence of the assessment; that $3 had been collected from him on complaint for neglecting to work on the highway pursuant to notice, and that he had paid his tax to the collector on its being demanded. He farther proved that he resided upon the land assessed, and, by one witness, that he did not know of his occupying any other land in that town. It did not appear from the return of the justice that any

Prosser *v.* Secor.

evidence was given on the trial as to the value of the defendant's personal property, but the return did not state, in express terms, that the whole evidence given on the trial was returned. The plaintiff gave evidence to show that he was a minister of the Wesleyan Methodist denomination, and the defendants introduced some proof to show that he was a practicing physician, and not a regular minister. The return stated that when the plaintiff rested, the defendants moved for a nonsuit, upon two grounds, 1. That the assessors were not liable for acts in their nature judicial; and 2. That the proof was insufficient to authorize a recovery. But the return did not state in what respect the proof was claimed to be insufficient. The justice gave judgment in favor of the plaintiff below for $8,37 damages, and $5,00 costs, which was affirmed by the common pleas; and the defendants brought a writ of error.

*H. R. Selden*, for the plaintiffs in error.

*Church & Davis*, for the defendant in error.

*By the Court*, JOHNSON, P. J. It is provided by 1 *R. S.* 386, § 4, that the personal property of every minister of the gospel or priest of every denomination, and the real estate of such minister or priest when occupied by him, provided such real and personal estate do not exceed the value of $1500, shall be exempt from taxation. By § 5 it is provided that if such real and personal estate exceeds the value of $1500 that sum shall be deducted from the valuation, and the residue shall be liable to taxation.

The defendant in error, in order to bring himself within the exemption, and maintain an action against the assessors, was bound to show affirmatively, 1. That he was a minister of the gospel, or priest of some denomination, and 2. That the value of both his real and personal property did not exceed $1500. He is liable to be taxed for the excess of his estate above $1500, the same as other persons, notwithstanding his ministerial functions. It is not sufficient for a person, in such a case, to

show that he was a minister or priest, but he must also show that the property assessed was within the exemption. (*Von Sickler* v. *Jacobs*, 14 *John*. 434. *Bowne* v. *Witt*, 19 *Wend*. 475.) Otherwise we are bound to presume that the assessors deducted $1500, and only assessed the residue. The presumption is that public officers do their duty. (*Weaver* v. *Devendorf*, 3 *Denio*, 119.)

The return does not show that any evidence was offered on the trial touching the amount or value of personal property owned by the defendant, or the value of the real estate, except what is furnished by the assessment roll. And, were we to be governed by what appears upon the face of the return, alone, I should have no hesitation in saying that no action could be sustained upon the evidence. The presumption would be that the assessors made the proper deduction, and assessed the residue only. But the justice has omitted to certify that the return contains all the evidence given before him, and according to the decisions in a great number of cases we are bound to presume, in the absence of such certificate, that additional evidence was given sufficient to support the verdict. (*Cow. Tr.* 988. *Oakley* v. *Van Horn*, 21 *Wend*. 305. *Baum* v. *Tarpenny*, 3 *Hill*, 75. *Crippen* v. *Abrams*, *Court of Appeals*, *Nov. term*, 1848.) If the return does in fact contain all the evidence, the plaintiffs should have compelled the justice to amend, that it might so appear. The general objection that the evidence was insufficient is not enough. The specific objection now made was not taken, or even alluded to, as far as appears by the return, before the justice; where, if made, it might have been obviated. I shall assume therefore that the plaintiff before the magistrate, in addition to the proof of his being a minister of the gospel, gave sufficient evidence in regard to his real and personal estate to satisfy the justice that it was wholly exempt from assessment or taxation under the statute; and this brings me to the important question in the case, which is, whether the plaintiffs, as assessors, had any jurisdiction over the person or property of the defendant, to impose an assessment, he being a minister of the gospel and not hav-

Prosser *v.* Secor.

ing real and personal estate exceeding the value of $1500. Assessors are officers created by statute, with no powers or jurisdiction except what the statute confers. Their powers and duties are all prescribed in art. 2, ch. 13, part 1 of R. S. By § 8, between the first days of May and July, they shall proceed to ascertain by diligent inquiry the names of all the *taxable* inhabitants in their respective towns, and all the *taxable* property therein. By § 9 they are required to prepare an assessment roll, in which they shall set down in four separate columns, and according to the best information in their power, in the first column the names of all the *taxable inhabitants*, in the second the quantity of land to be taxed to each person, and in the third the value of such land.

Thus it will be seen it is made their duty by statute to ascertain who are taxable and who not, by diligent inquiry, and they have no authority to enter any person's name upon the assessment roll whose property is by law exempt from taxation, or to impose an assessment thereon. They have no jurisdiction whatever over such persons or their property. The assessment, when made, is a lien or incumbrance upon the land, in the nature of a judgment, upon which, after the levy of the tax, a warrant in the nature of an execution issues. The assessment of the value is a judicial act, upon which a common law certiorari will lie. (3 *Denio,* 119.) But to make the assessment legal, they must have jurisdiction of the particular case. If they transcend the limits of their authority, and undertake to assess property exempt by statute, they cease to be judges, and are responsible for all the consequences. (*Id.* 120.) It is a familiar principle, well settled and wisely adopted, that inferior tribunals are bound to see that their acts are within the scope of the authority which the statute confers upon them; and whenever they undertake to assume and exercise jurisdiction beyond that, they are not protected. (*Suydam* v. *Keyes,* 13 *John. Rep.* 444. *Borden* v. *Fitch,* 15 *Id.* 121. *Gold* v. *Bissell,* 1 *Wend.* 213. *Savacool* v. *Boughton,* 5 *Id.* 170.) The principle is fully recognized in all the cases. It is urged by the counsel for the plaintiffs in error that on

making the assessment in question they were acting within the scope of their authority.   That the defendant was a resident of their town and the owner of the property assessed, and they were bound to pass upon the question as to whether the defendant was a taxable inhabitant ; and that having determined that he was, and imposed the assessment in pursuance of their duty, they are not responsible if it turns out that his property was exempt.   This proposition would be sound if it were left to the assessors to determine who are and who are not the proper subjects of taxation, and what property should be exempt and what taxed.   But this the legislature have determined, and the authority conferred upon the assessors is to inquire diligently and ascertain and assess such property and such only, as the legislature have declared taxable.

If the assessors could make a legal and valid assessment merely by determining that the owner was a taxable inhabitant, the statute exemption would be idle and worthless indeed. It would afford no shield to any one, and the assessor would become a lawgiver whose determinations would annul the statute.   It must be quite apparent that the assessors could not, by any determination they have power to make, subject the property of any person to taxation which the law exempts. In determining whether they have jurisdiction or not, in a given case, assessors do not act judicially.   No officer can acquire jurisdiction by deciding that he has it.   In all such cases every officer, whether judicial or ministerial, decides at his peril.   It may often be difficult for assessors to determine whether a person is or is not a taxable inhabitant, and operate harshly to make them responsible for erroneous decisions in certain cases.   But the difficulty is no greater than is encountered in the discharge of the duties of every office.   And a due regard to the security of private rights requires that the rule should be inflexibly maintained.   Private rights would be rendered uncertain and insecure indeed, should it be left to the determination of the judge or magistrate to fix the bounds to his authority ; and doubly so should it be held that such de-

termination was in its nature judicial and the magistrate protected by it in the exercise of power or authority thus acquired.

The defendant being a minister of the gospel was not a taxable inhabitant, and the plaintiffs in error had no jurisdiction over him or his property, nor could they acquire any by any act or decision of their own. They must therefore be held responsible.

I am of the opinion that the justice very properly excluded the evidence offered by the defendants touching the plaintiff's moral character. It was not a question whether the plaintiff ought to have been a minister or priest, but whether he was such in fact. The statute makes no distinction between a moral and an immoral minister, in its exemptions. It has very wisely left the morals of the pastor to the care and scrutiny of his congregation. The proof offered was irrelevant.

Judgment affirmed.