IN THE MATTER OF THE APPLICATION OF THE HUDSON CITY SAVINGS INSTITUTION.

*Refunding taxes — chap. 855 of 1869, and chap. 695 of 1871 — power of County Court under — Title of statute.*

Under section 5 of chapter 855 of 1869, as amended by chapter 695 of 1871, requiring the board of supervisors of the counties therein named, upon the order of the County Court, to refund to any person aggrieved the amount of any tax illegally or improperly assessed or levied, the County Court has no power to make such order until the assessment has been adjudged illegal or improper by a competent tribunal. The power to make such adjudication is nowhere vested in the County Court, and it rests, if anywhere, with the board of supervisors.

The title of a statute may, in cases where the intent is not plain, be resorted to, to aid in the discovery of the design of the legislature.

APPEAL by the board of supervisors of Columbia county from an order of the County Court of said county, ordering said board o' supervisors to refund to the Hudson City Savings Institution the sum of $1,468.20, collected of said institution, for a tax which said court adjudged illegally and improperly assessed and levied, in the year 1873.

*R. E. Andrews*, for the appellant.

*Newkirk & Chace*, for the respondent.

JAMES, J.:

In 1869, an act was passed by the legislature of this State (chap. 855) entitled, " An act to extend the powers of boards of supervisors." The fifth section of said act was as follows: " The board of

supervisors of any county, except New York and Kings, may, by a vote of two-thirds of all the members elected thereto, *legalize the informal acts of any town meeting in raising money* for any pur-pose for which such money is authorized to be raised by law ; and by a like vote, *legalize the irregular acts of any town officer*, performed in good faith and within the scope of his authority, provided such legalization shall be recommended by the County Court of such county; and also, on like recommendation, *correct any manifest, clerical, or other error*, in any assessments or returns made by any town officer to such board of supervisors, or which shall properly come before such board for their action, confirmation or review."

This section was amended, in 1871, by adding to it these words : " And upon the *order of such court*, made on application of the person aggrieved, and notice thereof, to such board, it shall refund to such person the amount collected from him of any tax illegally or improperly assessed or levied."

The Hudson City Savings Institution presented to the county judge certain affidavits, showing that in the year 1873, it was assessed by the assessors of the city of Hudson for surplus earnings, pursuant to the act of 1867, $60,000 ; that said surplus earnings were then invested in United States securities, of which investment the assessors at the time had no knowledge ; that a tax was levied on such assessment, and paid by said institution in January, 1874. Upon such papers the county judge made an order, that said board of supervisors show cause before the County Court why said board should not refund to said institution the tax so levied and col-lected on said assessment.    At the time and place designated, the board, by its attorney, duly appeared, and for cause showed that said assessors, before making said assessment, sought information of the directors of said institution, as to the amount of its surplus earn-ings, and endeavored to ascertain if such surplus was taxable, and notified said directors that if such surplus was not taxable, said assessors ought to be informed.    After learning the amount of its surplus earnings, and not being able to ascertain any reason why it should not be assessed, the board of assessors duly assessed the institution that sum.    Upon said affidavits and statements, after hearing, the county court adjudged said assessment illegal and improper, and made an order that said board of supervisors refund

to said savings institution $1,468.20, the amount of tax levied and collected on said assessment.   This appeal is from said adjudication and order.

The purpose of the statute of 1869, was, " to extend the powers of boards of supervisors," in certain cases therein specified, viz., to legalize the informal acts of town meetings in raising money, etc. ; to legalize the irregular acts of town officers in certain cases ; to correct any manifest, clerical, or other error, in any assessments, or in returns made by a town officer to a board of supervisors, or which should come before such board for its action, confirmation or review ; in the last two instances, only, provided such action was recommended by the County Court of the county.

The amendment is claimed as the authority for the proceeding now under consideration, and was, like the original, also entitled, " An act to extend the powers of boards of supervisors."   The important question, in this case, is the construction to be given to said amendment.   As construed by the County Court, it becomes an act to extend the powers and increase the jurisdiction of County Courts, with powers and jurisdiction to hear, review and reverse the action of boards of assessors, without limitation as to time ; and, in case of reversal, to compel a tax, collected on such reviewed assessment, to be refunded by boards of supervisors.   Standing by itself, such construction would not be inconsistent with the language of the amendment.   But such could not have been the legislative intention in its adoption.   That intention must be sought by joining the amendment with the act to which it is an addition, and considering the whole together, or as one act.

While the title of a statute is no part of the statute itself, in modern times it not unusually states the purposes of its enactment, and may, in cases where the intent is not plain, be resorted to in aid of discovering the design of the legislature.   In both the original and amended acts, the purpose of each is distinctly stated in the title of each.   By the original act, boards of supervisors, on the recommendation of County Courts, were vested with power and authority to correct any manifest, or clerical, or other error, in any assessment or return made by any town officer to boards of supervisors, or which should come before such boards for their action, confirmation, or review.   The original act, however, con-

tained no provision for refunding a tax, based on an illegal or improper assessment, which had been collected. The amendment was undoubtedly intended to supply that omission, and place power with boards of supervisors, on the order of a County Court, obtained in the manner provided, to refund any such tax collected. But before a County Court could make such an order, the assessment must have been adjudged illegal or improper by a competent tribunal; such power is nowhere vested in County Courts; if anywhere, it rests with the boards of supervisors. It might, perhaps, be held that, under authority of the original act, a board of supervisors, upon proper evidence, could, in its discretion, declare an assessment illegal, or improperly made; but it is certain that, until some lawful action declaring the illegality, there is no authority in a County Court to call upon a board of supervisors to refund a tax collected. In this case there had been no action by the board of supervisors, or any authorized body, declaring the assessment upon which the tax collected from the savings institution was based, illegal or improper; and hence the order of the County Court appealed from was unauthorized. This view makes the amended act and the original act consistent with each other, in harmony with their several titles, and the whole not inconsistent with the general tax law of the State.

But whether or not the foregoing is the proper construction of said amended act, the order of the County Court cannot be upheld. County Courts are not vested with authority to review, reverse or modify the determinations of boards of assessors. Before a County Court can order a tax collected to be refunded, the illegality of the assessment upon which the tax is based must be adjudged; a County Court cannot do that. But if it was conceded that a County Court could review the action of the board of assessors, and, upon proper evidence, adjudicate the illegality of their action in a given case, there was not sufficient evidence before said court, on this occasion, to establish the illegality or impropriety of the assessment. The question presented was not one of new trial upon new and additional evidence, but whether, at the time, it was illegal or improper. Before a court, it could only be treated as a legal question, not as one of discretion. Before a board of supervisors it might be treated either way, and facts con-

sidered, not within the knowledge of the assessors. at the time of the assessment.

It was the duty of the assessors to make this assessment; all property within the State is declared liable to assessment and taxation, except specially exempted. The surplus earnings of savings institutions had been declared by statute personal property and liable to assessment and taxation, unless invested in United States securities. The assessors had knowledge of this property, but no knowledge of its investment; nor could they acquire any information after proper inquiry. It is not claimed that the assessors erred upon facts within their knowledge, or that they disregarded any facts presented for their consideration. If, for any reason, said property was exempt from assessment and taxation, it was the duty of the owner to present that fact to the assessors, or lose the benefits of it. Like the case where a minister of the gospel is entitled to a certain exemption, the duty was upon him to make the fact of exemption known, or he became estopped. (*Prosser* v. *Secor*, 5 Barb., 607.)

Therefore, in this case, whatever may be the fact about exemption, the assessment was legal and proper, and the County Court was without authority either to review, or upon new facts to retry, said assessment, and adjudge it illegal or improper.

For these reasons the adjudication and order of the County Court should be reversed and set aside, with costs of this appeal to be taxed, and ten dollars costs of appearing before the County Court to show cause, against the Hudson Savings Institution.

LEARNED, P. J., and BOARDMAN, J., concurred on first ground.

Ordered accordingly.