(6 Misc. Rep. 185.)

PEOPLE ex rel. SCOTT et al. v. WILLIAMS et al.

(Supreme Court, Special Term, Monroe County. December, 1893.)

TAXATION—EXEMPTION—PROPERTY PURCHASED WITH PENSION MONEY.
   Under Code Civil Proc. § 1393, providing that a pension granted by the United States shall be exempted from seizure for nonpayment of taxes, property purchased by the widow of a soldier with pension money received by her from the government is exempt.

Certiorari by Mrs. Scott and others to review the action of defendants, as assessors of the town of Seneca Falls, in assessing certain real estate for taxation.

H. A. Carmer and S. H. Salisbury, for relators.
Hammond & Hammond, for defendants.

BRADLEY, J. The question presented is whether or not the real property in question is exempt from taxation. The view taken by the assessors was that it is not, and they declined to remove the assessment. It must, for the purpose of the inquiry, be assumed that the property was purchased solely with the pension money received by the relators, respectively, from the federal government. The claim for exemption is founded mainly upon the statute which provides that the pay and bounty of a private in the military service of the United States, a "pension or other reward heretofore or hereafter granted by the United States," are "exempt from levy and sale by virtue of an execution, and from seizure for nonpayment of taxes, or in any other legal proceeding." Code Civil Proc. § 1393. The relief of property from the burden of taxation, when granted, is a personal privilege of the person in view, (Mickes v. Tousley, 1 Cow. 114;) and, to render the exemption effectual in behalf of the relators, they must clearly come within the legislative purpose, as represented by the statute. It is quite evident that in exempting certain property from seizure for nonpayment of taxes it was within the contemplation of the statute to embrace also the assessment of it for taxes; and this further appears by the statute which provides that "all property exempted by law from execution" shall be exempt from taxation. 1 Rev. St. p. 388, § 4, subd. 9. The provision before mentioned of the Code does not, in terms, provide that the exemption is applicable to the property in which the pension may be invested by the pensioner. But it is held that, to effectuate the purpose of the statute, the exemption is extended so as to embrace such property of the pensioner, and that such is the construction to which it is entitled. Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108. It is, however, with much force, urged by the learned counsel for the defendants that the provisions of section 1393 were intended solely for the benefit of the persons who rendered service for the government, and therefore do not inure to the benefit of the persons who receive the pension as a mere gratuity from the government, and not by way of reward for their services; and reference is made to the word "reward" in that section as one of such limitation or qualification of the application of its exempting provisions as to exclude the relators from the benefit of them. By reference to the statutes of the United States relating to invalid pensioners, (Rev. St. U. S. §§ 4692, 4693,) no distinction is observed between them and those who may succeed in the right to receive pensions in respect to their relation as such to the government. The provision on the subject is that "if any person embraced within the provisions of sections 4692 and 4693 has died since the 4th day of March, 1861, or hereafter dies by reason of any wound, injury or disease which, under the conditions and limitations of such sections, would have entitled him to an invalid pension had he been disabled, his widow    *    *    *    shall be entitled to receive the same pension as the husband    *    *    *    would have been entitled to had he been

totally disabled, to commence from the death of the husband,"
(Rev. St. U. S. § 4702;) and that the widow shall be entitled to any
accrued pension unpaid at the time of the husband's death, and
that it shall not be considered as any part of the assets of his estate,
nor liable to application to the payment of his debts, but shall inure
to the sole and exclusive benefit of the widow, etc., (Rev. St. U. S.
§ 4718.) It is evident that while the pension given to the person
who, in consequence of his military service in the army of the United
States, had suffered some physical disability, is in some sense a re-
ward for service, it is also given, by reason of such disability, to
contribute to the support of him and his family, if he has one. And
so may the pension to the widow, who was dependent upon him
for support, or entitled to the benefit of his support, be treated as
granted to her for reasons characterized by substantially the same
consideration as those applicable to the husband if he had lived and
taken it. Her claim to pension is founded upon his military service
and physical disability, and its allowance to her is the result of both.
No distinction between them in their relation as pensioners, and
in their privileges as such, is observed in the statute, which pro-
vides that "no sum of money due, or to become due, to any pensioner
shall be liable to attachment, levy or seizure by or under any legal
or equitable process whatever, whether the same remains with the
pension office or any officer or agent thereof, or is in course of trans-
mission to the pensioner entitled thereto, but shall inure wholly to
the benefit of such pensioner." Rev. St. U. S. § 4747. In some of
the states it has been held (and such is the result of the more numer-
ous decisions on the subject) that the exemption dependent upon
that section terminates when the pensioner has received his money,
for the reason that by the terms of the federal statutes the money
is protected against process only up to and during its transmission
to him. But in some cases it has been held that the words "shall
inure wholly to the benefit of the pensioner," in that section of the
act of congress, have the effect to extend the exemption further;
and in Iowa it was determined that those words were entitled to
such construction as to exempt from legal process the property in
which the pensioner invested his pension money. Crow v. Brown,
81 Iowa, 344, 46 N. W. 993; Dean v. Clark, 81 Iowa, 753, 46 N. W.
995. It is unnecessary, in the present case, to consider the ques-
tion whether the import of section 4747 of the United States Revised
Statutes is such as to permit the liberal interpretation given to its
provisions by the court in those cases. It is a general rule that a
statute will be construed to grant the privilege of exemption of prop-
erty from taxation only when such legislative purpose plainly ap-
pears by its terms. Picard v. Railroad Co., 130 U. S. 637, 9 Sup.
Ct. 640. A pension is in the nature of a gift, intended for the per-
sonal benefit of him who is, or those who are, beneficiaries of it.
The purpose of the provisions of section 1393 of the Code evidently
was to effectuate the purposes thus intended, so far as it could be
accomplished by relieving it from the charge of process and taxa-
tion; and, as has been held in the Carpenter Case, before cited, the
exemption not only relates to the pension money as such, but ex-

tends to it in whatever property it may be invested by the pensioner while it is retained by him. In referring to the Laws of 1864 (chap ter 578, §§ 4, 5) as the source of the section of the Code in question, it is urged that, in view of the provisions of the former, the latter cannot be deemed to have been intended to include the pensions of persons other than those who were in the military service of the United States. Such does not necessarily seem the logical inference of the enlargement, as made by the Code, of the provisions of the act of 1864. Its provisions referred to could not have been made applicable to any other than persons in the military service of the United States. But since the provisions were so enlarged as to embrace pensions within the exemption, and without expressing any restriction in respect to the persons entitled to its benefit, it is not seen in the import of the statute, as fairly indicated by its terms, or in its policy, that any discrimination between the husband and the widow, in their relation to the purpose of the exemptive privilege given by the provisions of section 1393 of the Code, was intended; and, in view of the object of the statute, the reason of its application to her is at least as significant as it could have been in his behalf. The apparent purpose of a pension to an invalid soldier was contribution to the support of him and his family dependent upon him, in case he had a family, and that to which his widow is entitled is only a continuation of the benefit in that respect which the husband had, or which he would have taken, for such purpose, if he had lived. These views lead to the conclusion that the relators are entitled to the same beneficial enjoyment of their pension, and by the statute in question are given the same protection in respect to it, that their husbands, if living, would have had, by way of exemption from process and taxation, and that the assessment complained of is illegal. The prayer of the petitioners is therefore granted; but, as it does not appear that the assessors were chargeable with gross negligence or bad faith in the matter, no costs are allowed. Certiorari granted.