(22 App. Div. 448.)

### BRODERICK v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department.   November 30, 1897.)

PAYMENT OF TAX—RECOVERY OF EXCESS PAID—PENSION EXEMPTION.

If an owner of real property, entitled to a partial exemption from taxation because the property was purchased in part with pension money, pays a tax representing the full value, under an assessment and levy valid on their face, he cannot then attack the action of the assessors collaterally, in an action to set aside and recover back the amounts representing the exempt portion of the property.

Goodrich, P. J., dissenting.

Appeal from special term.

Action by Maria Broderick against the city of Yonkers. From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James M. Hunt, for appellant.
William Riley, for respondent.

CULLEN, J.   I assume that the plaintiff was entitled to have so much of the value of her real estate as represented the investment of her pension moneys exempted from taxation.   People v. Williams (Sup.) 27 N. Y. Supp. 23; Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108.   Therefore, had she taken proper proceedings to secure her exemption, by making demand on the assessors, and by reviewing their action, if adverse, by certiorari, she would be entitled to relief.   The plaintiff, however, did not take this course.   The money which she seeks to recover from the defendant was paid under an assessment and levy valid on their face.   Unless the action of the assessors was wholly void, it cannot be attacked collaterally, and the money paid cannot be recovered until the action of the assessors has been set aside.   In my opinion, the action of the assessors was not without jurisdiction or void.   The assessors had jurisdiction of the person of the plaintiff, and of the land which was the subject-matter of the assessment.   It is not necessary to review all the cases in which the question of how far the action of assessors is judicial, and not subject to collateral attack, has been discussed and decided.   Neither the case of National Bank of Chemung v. City of Elmira, 53 N. Y. 49, nor that of In re New York Catholic Protectory, 77 N. Y. 342, is in point. In the first case the property assessed was the capital stock of the bank.   In the second case it was real estate belonging to, and used for the charitable purposes of, the petitioner.   The statute forbade the assessment of such property.   Here the property of the plaintiff was subject to assessment and taxation.   The strongest case (of any that are entitled to be considered as authority) in plaintiff's favor is that of Prosser v. Secor, 5 Barb. 607.   In that case the plaintiff was a minister of the gospel, and his whole estate, real and personal, did not exceed $1,500.   He was assessed and taxed for a farm owned and occupied by him.   He brought suit against the assessors, personally, to recover the amount of tax levied on his property, and had judgment. This recovery was affirmed by the general term of the supreme court.

It was there held that the plaintiff, having an estate less than $1,500, was not a taxable person at all, and therefore not within the jurisdiction of the assessors. At the same time it was conceded that, if the plaintiff had been subject to taxation in any sum, the defendants would not have been liable. This concession is in exact accord with Weaver v. Devendorf, 3 Denio, 117. There the assessors were sued by a minister for failing to allow him the exemption of $1,500 given by the statute. It was held that, as the plaintiff had property in excess of $1,500 in value, it was a case where the assessors had jurisdiction over the property as well as the person, and that their action was judicial, and for error or misconduct no action would lie. The Prosser Case, so far as it held that an action would lie against the assessors under the facts of that case, was condemned by the court of appeals in Barhyte v. Shepherd, 35 N. Y. 238. This last case would be decisive against the right to maintain this action, were it not for the fact that it, in turn, has, at least in some respects, been overruled, and the Prosser Case rehabilitated with judicial standing, by National Bank of Chemung v. City of Elmira, supra. Weaver v. Devendorf, supra, however, is quoted with approval in all these conflicting decisions, and the doctrine of the case has never been criticised or impugned. Giving, therefore, to the Prosser Case its fullest effect, it would follow that, if the real estate of the plaintiff were wholly exempt, this action might be maintained. But, as it was only partially exempt, Weaver v. Devendorf is conclusive that the action will not lie. What we have written, in my judgment, disposes of this case; but I am not prepared to say that the doctrine of the Prosser Case, if sound (which may be doubted), is applicable to a case of this character. An action will not lie against the city to recover moneys paid on a tax, before it has been reversed or set aside, unless it would lie against the assessors individually. The exemption given to soldiers and their dependents should be fully maintained, and rendered effectual. But it is not imposing any unreasonable burden on such persons to require them to make claim and proof of the exemption to the taxing officers. Assessors may, by inquiry, discover who are the inhabitants of the town, and to what use real property therein is put. It may be that they could also find out whether a particular person, otherwise the subject or assessment, was a minister of the gospel or not. But they have no power of divination, and I am at a loss to see how they can evolve from their inner consciousness, without notice or proof aliunde, a determination whether any particular property has been bought with pension moneys, in whole or in part, and, if in part, what part.

The judgment appealed from should be reversed, and, as it will be impossible for the plaintiff to succeed on a new trial, the complaint should be dismissed. The action has been brought in equity, and the costs are in our discretion. We think, under the circumstances, the dismissal of the complaint should be without costs. All concur, except GOODRICH, P. J., who dissents.

GOODRICH, P. J. (dissenting). The plaintiff brings this action to set aside and restrain the collection of taxes imposed upon the premises 46 and 48 Vineyard avenue, Yonkers, in the years 1893, 1894, and

1895, and of certain assessments for local improvements, and also to set aside and recover back taxes imposed upon the property for the years 1889, 1890, 1891, and 1892, all of which latter were paid by her. The plaintiff is the widow of an honorably discharged soldier of the war of the Rebellion, who died in January, 1884.   As such widow, she received a pension in April, 1889, such pension commencing at the death of her husband, so that she received for back pension the sum of $1,200.   In August, 1889, she purchased the premises in question for $3,200; paying in cash the amount received for the back pension, $1,200, and assuming a $2,000 mortgage.   This property she occupies as her home.   Thus, it is evident that the entire amount paid by her in cash was her back-pension money.   Section 1393 of the Code of Civil Procedure reads as follows:

"The pay and bounty of a non-commissioned officer, musician or private in the military or naval service of the United States or the state of New York; a land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a state, for military or naval services; a sword, horse, medal, emblem or device of any kind presented as a testimonial for services rendered in the military or naval service of the United States or a state; and the uniform, arms and equipments which were used by a person in that service, are also exempt from levy and sale, by virtue of an execution, and from seizure for non-payment of taxes, or any other legal proceeding."

In Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108 (Ruger, C. J., writing the opinion), it was held that where a pensioner, who had a wife and family, purchased a house and lot for his home, paying a portion of the purchase price out of the proceeds of a pension certificate, and giving a mortgage on the premises to secure the balance, the premises were exempt from sale on execution.   By the Revised Statutes (1 Rev. St. [8th Ed.] p. 1083), all property exempt from execution is also exempt from taxation.   In the case of People v. Williams (Sup.) 27 N. Y. Supp. 23, it was held (Bradley, J.) that property purchased with pension money granted to a widow for her husband's services stood upon the same plane as pension money granted to the soldier, and was equally exempt from taxation.   The assessors placed the value of the property in 1889 at $4,000, and in 1890, 1891, and 1892 at $3,600.   It may well be assumed, as we do assume, that the value of the property at the time of its purchase, in 1889, was the price paid for it, so that it is evident that when the assessors placed the value at $4,000 in 1889, and assessed the taxes at that valuation, no allowance was made by them for the $1,200 pension money which the plaintiff had invested in the property.   The plaintiff paid her taxes for these years according to the assessed valuation, but when the assessment was made in 1893 she made her claim for exemption to the extent of $1,200, and this was allowed by the assessors at $600 on each of the two lots.   A claim for the repayment for the taxes of 1891, 1892, and 1893 was presented to the common council of the defendant city 60 days before the commencement of this action, according to the statute; and, the city neglecting to repay the same, this action is brought to recover the taxes of these years, on the ground that they were illegally assessed.

The defendant contends that the plaintiff's remedy is certiorari, instead of the present action.   This question was decided adversely to the defendant by the court of appeals in the cases of National Bank of

Chemung v. City of Elmira, 53 N. Y. 49, and In re New York Catholic Protectory, 77 N. Y. 342, where it was held that it is not essential to the exercise of the power conferred on the county court that the assessment should have been adjudged illegal by some competent tribunal. The principle upon which the decision of the case at bar must rest is that where the assessors have jurisdiction, and erroneously assess taxes after the exercise of their discretion, their decision is final, except as it may be reviewed on certiorari; but where the assessors have no jurisdiction to make an assessment or levy a tax,—in other words, where their action in assessing property which they have no right to assess is illegal,—they acquire no jurisdiction, and an action of this character may be maintained. While there has been some inconsistency in the decisions of the courts in respect to this question, we are not required to analyze them, as the court of appeals, in the case of National Bank of Chemung v. City of Elmira, supra (Church, C. J., writing the opinion), carefully reviewed and distinguished the authorities prior to that time, and declared the law to be that:

"While there is some apparent conflict in the application of settled principles to particular cases, I am confident that no adjudged case can be found which will relieve the defendants from liability. The distinction is between an erroneous and an illegal assessment. The former is when the officers have power to act, but err in the exercise of the power; the latter, where they have no power to act at all, and it does not aid them to decide that they have. It is argued that they have jurisdiction to determine what property is taxable in the town. This is a mistake. The legislature determines that question, and the officers have no power over it. The statute requires the assessors to 'ascertain, by diligent inquiry,' two things: (1) The taxable inhabitants; (2) the taxable property. Where they decide erroneously as to a taxable inhabitant, it is conceded, and the Mygatt Case, 15 N. Y. 316, holds, that they are liable as trespassers. Why not when they err as to taxable property? The duty is precisely the same, and the power conferred in the same language. Assessors must have jurisdiction over the person and subject-matter. The person must be an inhabitant of the town, and the property must be taxable; otherwise the assessment is illegal and void. The legislature has declared that the capital of national banks is not taxable property. Bank shares are not capital. Van Allen v. Assessors, 3 Wall. 573. The assessors have therefore no jurisdiction over it. In this case they exercised no judgment. There was none to be exercised. There was no dispute about the facts. There was no pretense of mistake, even. They simply decided to violate the statute, and, while bad faith will not be imputed, we must assume that they did so voluntarily and intentionally; and yet such an act is claimed to be judicial, and therefore exempt from collateral attack."

The complaint alleges that in the assessments for the year 1889 no credit or allowance was made for pension money paid by the plaintiff upon the premises, and this allegation is distinctly admitted by the answer. If there had been no such admission in the answer, we might have held that the assessors had jurisdiction of the property, and power to determine its assessable value; but here we have a clear admission that the assessors made no allowance for the exempt property, and this brings the question within the remarks of Judge Rapallo in Re New York Catholic Protectory, supra:

"The imposition of the tax in question was manifestly illegal, the property upon which it was assessed being by law exempt from taxation. It was not merely a case of error of judgment in determining the amount of the tax, but of a total want of jurisdiction in the assessors to assess the property at all."

In the present case the exemption of the pension money was statutory, and the assessment of the premises was, to that extent, illegal. It is no answer to say that the assessors had jurisdiction to assess the particular piece of real estate. They had no right to assess that part of its value which represented the plaintiff's pension money, as the answer admits, and the special term found, they have done; and thus far their action was illegal and void. It is further contended that this action cannot be maintained because no notice was given to the assessors of the plaintiff's claim for exemption; but this constitutes no defense where the act, as in the present instance, was illegal and void. Such was the well-considered decision of the county court of Sullivan county (Judge Smith), in Lapolt v. Maltby, 31 N. Y. Supp. 686. It was the evident intention of congress and the legislature that the pension granted to a soldier for disability, or to the widow and children of a deceased soldier, should be devoted to their support, so far as the very moderate allowance made to them will permit. Allowances to individuals are not large, and, if we had any doubt as to the correctness of the authorities cited, we would be inclined to resolve these doubts in favor of the pensioner. But we have no such doubt. The statutes and the decisions are in uniformity, and in perfect accord. The plaintiff is entitled to recover the proportionate amount of the taxes upon $1,200 for each of the years in question. The plaintiff also claims to recover assessments paid by her for local improvements. The exemptions provided by statute do not extend to assessments of this character, but relate only to taxes; and this is in accordance with the decision of the special term. The judgment should be affirmed.