PEOPLE ex rel. JONES v. FEITNER et al.

(Supreme Court, Appellate Division, Second Department. June 28, 1898.)

TAXATION—EXEMPTION.
    Prior to Laws 1897, c. 347, real property owned by the wife or widow of
    a pensioner, although purchased with the proceeds of a pension, was not
    exempt from taxation.

Appeal from special term, Kings county.

Application by the people, on the relation of Harriet L. Jones, for a writ of mandamus against Thomas L. Feitner and others, comprising the board of taxes and assessments of the city of New York. From an order granting the writ, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Almet F. Jenks, for appellants.
George W. McKenzie, for respondent.

CULLEN, J. The relator showed by her petition that she was the widow of Jeptha A. Jones, who died at the city of Brooklyn on January 1, 1891. Jones was a veteran of the late war, and was granted by the federal government a pension on account of wounds received during service. In 1881 Jones purchased certain real estate in the city of Brooklyn, on account of the payment for which he applied the sum of $3,600, which he had received as pension money. But the property was conveyed to his wife, the relator, who has ever since continued to own the same. From the year 1892 to 1897 the property has been assessed, for the purpose of taxation, at the sum of $4,000. In June, 1897, the relator applied to the board of assessors of the city of Brooklyn for a reduction of the assessed value of her property, which was granted, and the valuation reduced from $4,000 to $3,600. Thereafter the relator applied to the appellants to reduce the valuation of her property for the years 1892 to 1896, inclusive, to the sum of $400, and for a return of a proportionate amount of taxes that she had paid on the property. The appellants having refused to grant the relator's application, she moved for a writ of mandamus to compel them to take the action applied for. The relator's application to the appellants was based on the provisions of sections 10 to 13 of title 10 of the charter of the city of Brooklyn (Laws 1888, c. 583). As the property of the relator, even according to her own claim, was not wholly exempt from taxation, it may be doubted whether, under subdivision 5 of section 10, the board of assessors was authorized to take any action in the premises. But this we shall not determine, as, in our opinion, until the year 1897 the relator was not entitled to any exemption in the assessed valuation of her property. Until the enactment of chapter 347, Laws 1897, the exemption of pension moneys from taxation was not found, in express terms, in the tax laws. The exemption was had by virtue of section 4 of the tax law of 1896 (in this respect a mere re-enactment of previous statutes), which provides that property exempt by law from execution, other than an exempt homestead, shall

also be exempt from taxation. By section 1393, Code Civ. Proc., as the same stood in force until chapter 348, Laws 1897, pensions or other awards granted by the United States for military service were exempt from levy under execution, or seizure for nonpayment of taxes. Under this section it was held that not only the pension money itself was exempt, but real property which might be purchased by the pensioner with such money. Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108; People v. Williams (Sup.) 27 N. Y. Supp. 23. These statutory enactments, however, exempted the property only when in the hands of the pensioner. In Mickes v. Tousley, 1 Cow. 114, Tousley, who was the bailee of one Whitney, the judgment debtor, sued the sheriff for taking and carrying away, on an execution against Whitney, certain property belonging to Whitney, but, under the statute, exempt from execution. It was held that the exemption was the personal privilege of the judgment debtor, and that the action could not be maintained. The transaction by which the relator obtained title to the property was substantially a gift of it from the husband to the wife. It is stated in the petition that the veteran, until the time of his death, occupied the premises as a homestead for himself and his family. If we could assume that the relator held the property on any trust for her husband during his life,—which is not alleged,—that trust ceased at his death, and the petitioner avers that since that time the relator has been the owner of the property. As the law then stood, the relator had no greater claim for exemption from taxation than any other donee of her husband would have had. She could have sold or mortgaged the property, and the property was liable for her debts. She seeks to enforce a return of the moneys paid as taxes, to herself personally, not as representative of her husband's estate. As prior to the act of 1897 the exemption was solely in favor of her husband, and not of any of his family or dependents, she is not entitled to relief. The present case is to be distinguished from that of People v. Williams, supra. In that case the widow of the veteran obtained the exemption, but the real property exempted had been purchased, not by pension moneys awarded to her husband, but by those awarded to herself as widow of the veteran. By the act of 1897 real property purchased with pension money, whether owned by the pensioner or by his wife or widow, is exempt from taxation, but even now the exemption seems confined to the case of real property.

The order appealed from should be reversed, and motion denied, but without costs. All concur.