(24 Misc. Rep. 359.)

### In re FLOYD.

(Tioga County Court. July, 1898.)

MUNICIPAL ASSESSMENTS—EXEMPTIONS—PENSIONS.
　　Under Code Civ. Proc. § 1393, exempting a United States pension from taxes, property purchased with pension money is not exempt from assessments for local improvements.

Summary proceedings by Jacob B. Floyd, purchaser at tax sale, to remove Thomas Smeaton from possession of the premises. Possession awarded.

Frederick E. Hawkes, for petitioner.
J. F. Shoemaker, for defendant.

ALLEN, J. In the year of 1896 the village of Waverly levied an assessment against the defendant's property for part cost of the construction of a sewer upon Clark street, in that village. The assessment was not paid, and the property was sold at tax sale. The petitioner bought it in for the term of 10 years, and, after waiting a year, and the property being not redeemed, he brings this proceeding to enforce possession. The defendant files an answer setting up two objections to the issuance of an order: First, that the assessment and sale were void; second, that the property is exempt from all taxes and assessments, by reason of the fact that it was entirely purchased with pension money given to the defendant by the United States government.

The assessment was levied under the general village sewer act of 1889, which is an amendatory act to chapter 291 of the Laws of 1870, the general act governing villages.    The only proof before me as to the regularity of the assessment is the assessment roll itself, which, by section 5 of title 8 of chapter 291 of the Laws of 1870, is presumptive evidence of the validity of the assessment, and of the right to levy it.    The evidence produced before me as to the sale is in strict accordance with section 6 of title 6 of said act; it being uncontradicted that the notices required by that section were posted, and personally served upon the defendant.    This evidence of the levy and sale the defendant has not successfully attempted to controvert, so that I am compelled to hold that the assessment and sale were valid.

Recurring to the second objection, I find that ever since 1804 the courts of this state have steadfastly maintained a distinction between taxes for general purposes and assessments for local improvements. In Re Mayor, etc., of New York City, reported in 11 Johns. 77, the court shows that a place of public worship, while exempt from general taxes, was not exempt for a street-improvement assessment, and there discusses the distinction between a burden for taxation, and an assessment for local improvements, which adds a value to the property assessed.    In the case of Hassan v. City of Rochester, 67 N. Y. 528, the court of appeals again discusses the distinction between taxes and assessments, and holds that exemptions in the general tax law do not apply to assessments for local improvements, and that even the lands of the state itself may be assessed by the municipality for a local improvement.    In the case of Harlem Presbyterian Church v. Mayor, etc., reported in 5 Hun, 443, the same distinction is discussed and maintained.    In the case of Broderick v. City of Yonkers, very recently decided, and reported in 22 App. Div. 448, 48 N. Y. Supp. 265, Presiding Justice Goodrich dismisses the claim to recover assessments for local improvements paid by the owner of property purchased with pension money very briefly, saying: "The plaintiff also claims to recover assessments paid by her for local improvements.    The exemptions provided by statute do not extend to assessments of this character, but relate only to taxes."    I am therefore constrained by the weight of authority to hold that the defendant in this proceeding has no right to the exemption, and an order must be issued awarding possession to the petitioner, together with costs of this proceeding.

Ordered accordingly.