tion of this character was raised and overruled (59 Misc. Rep. 367, 112 N. Y. Supp. 337), and also in Matter of Clement (O'Neill Certificate) 62 Misc. Rep. 512, 116 N. Y. Supp. 1070; Justice Newberger saying:

"It is no defense to an application for a revocation that the certificate had been surrendered prior to the discovery of the violation or the commencement of the proceeding to revoke. Such proceedings may be instituted at any time during the excise year for which such certificate was issued."

As to the necessity of making Evans & Giehl parties to this proceeding, it may be stated that there is no provision in the liquor tax law for making any one a party except the holder of the liquor tax certificate, as provided by subdivision 2 of section 28 (now 27) of the liquor tax law. Neither is there any decided case that I have been able to find which holds that the assignee of the certificate is entitled to be made a party. In the practice under this law this seems to have been tacitly conceded, as in every case where an assignee has received permission to be heard it is by an application to the judge or court for leave to intervene. In Matter of Cullinan (Santoro Certificate), 94 App. Div. 445, 88 N. Y. Supp. 164, intervention was allowed as the proper remedy.

For these reasons the certificate must be canceled without return of rebate, and findings may be prepared and judgment entered accordingly.

Certificate canceled.

---

### DUBOIS v. PARCELLS et al.

#### (Steuben County Court. September 4, 1909.)

TAXATION (§ 323*)—ASSESSING EXEMPT PROPERTY—LIABILITY OF ASSESSORS.

Where property was taxed, though entitled to exemption because owned by a minister, to whom Tax Law (Laws 1896, p. 798, c. 908) § 4, subd. 11, exempts $1,500, and he paid the tax, the assessors are not individually liable to him for the amount thereof for having made the assessment; they being required by section 20 to ascertain by diligent inquiry all the property and the names of all persons taxable, and by section 21 to prepare an assessment roll and to set down according to the best information in their power, the names of all the taxable inhabitants, and having, under Village Law, § 113 (Laws 1897, p. 405, c. 414, as amended by Laws 1898, p. 1280, c. 539, § 1), had jurisdiction over the property, as they had a right to assess it for local improvements, so that they, having made diligent inquiry and acted from the best information they could obtain, acted judicially.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 541; Dec. Dig. § 323.*]

Appeal from Justice Court.

Action by William M. Dubois against Benson B. Parcells and another. From a judgment for plaintiff, who was a minister of the gospel and was not allowed his exemption as such minister, for the amount of tax paid by him, against defendants individually, who were Assessors of the Village of Painted Post, being members of the Village Board, defendants appeal. Reversed.

---

H. A. Heminway, for appellants.
Frank J. Saxton, for respondent.

BURRELL, J. The defendants were the village board of the village of Painted Post, in the town of Erwin, Steuben county, and as such board were the assessors of the said village in the year 1905. As such assessors they assessed a house and lot owned by the plaintiff in the village at the sum of $800, on which the plaintiff paid the tax, amounting to $9.48. The tax was paid by the plaintiff without protest, and no claim was ever made by him to the village board for the return to him of any erroneous tax, and he never appeared, or any one else in his behalf, before the assessors on the appeal day to claim any exemption. The plaintiff was not a resident of the village, but resided at Belleville, Jefferson county, N. Y. It appears that the plaintiff was a minister of the gospel, and under section 4, subd. 11, of the tax law (Laws 1896, p. 798, c. 908) was entitled to an exemption to the amount of 1,500 as such minister.

The question presented here is whether the assessors of the village acted within their jurisdiction in making this assessment against the property of the plaintiff. It is the contention of the plaintiff that the assessors had no jurisdiction over the property of the plaintiff, he being assessed less than the amount allowed by statute; that the assessors had no judgment to exercise in regard to his property, and hence did not act judicially; and that their acts in that respect are absolutely void, and that they are liable for the same individually. There is no evidence in this case of any malice upon the part of the defendants. The action, therefore, is to recover for the tax paid from these defendants individually to compel them to pay money, when they personally have received nothing from the plaintiff and have not willfully done him any harm.

The assessors are required by law to "ascertain by diligent inquiry all the property and the names of all the persons taxable therein." Section 20 of the tax law (Laws 1896, p. 803, c. 908). Section 21 (page 803) requires them to prepare an assessment roll, and set down according to the best information in their power the names of all the taxable inhabitants. The law also provides as follows:

"The real property of a minister of the gospel or priest who is regularly engaged in the performance of his duties as such, or permanently disabled by impaired health from the performance of such duties, or over seventy-five years of age, and the personal property of such minister or priest, but the total amount of such exemption on account of both real and personal property shall not exceed fifteen hunded dollars." Subdivision 11 of section 4 of the tax law.

How is it to be ascertained what particular persons belong to this general class thus exempted? This question is discussed at length in the case of Vail v. Owen, 19 Barb. 22, and the court there says:

"The question in this case is: Can the defendants be held liable, in a civil action, for assessing a person who is not liable to assessment? And this question depends on another: Did the defendants, in making this assessment, act judicially; or, in other words, had they a judgment to exercise in this case upon the question whether the plaintiff did or did not belong to that class of persons who, by the provisions of the statute, are exempt from taxation? The

Revised Statutes (1 Rev. St. [1st Ed.] p. 390, § 8) direct the assessors 'to ascertain, by diligent inquiry, the names of all the taxable inhabitants in their respective towns,' etc., 'and all the taxable property, real and personal,' etc.; and, having done so, they are required to prepare an assessment roll, in which, among other things, they shall set down 'the names of all the taxable inhabitants,' etc. The first and second titles of the chapter of the Revised Statutes relating to taxation contain sundry provisions declaring what persons and property shall be liable to taxation and creating certain exemptions, or exempting certain property and the property of certain classes of persons to a specified amount from taxation. The eighth subdivision of section 4 of title 1 provides that the personal property of 'every minister of the gospel or priest of any denomination, and the real property occupied by him, to the value of $1500,' shall be exempt from taxation. This subdivision exempts the property of a certain class of persons from taxation; but how is it to be ascertained what particular persons belong to the general class described in the subdivision? The eighth section of title 2 answers the question, and provides that the assessors shall, by diligent inquiry, ascertain this fact. The law furnishes no rule of evidence for their guide, but leaves the whole question, for the purposes of the assessment, to the judgment of the assessors, upon the evidence which their inquiries shall elicit. I should have no doubt on this question, but for the case of Prosser v. Secor, 5 Barb. 607, which seems to be entirely in point, and directly opposed to this view of the case. I have examined the case carefully, as well as the authorities cited by the learned justice who delivered the opinion, and in my judgment the case cannot be sustained. * * * The assessment roll is the mere result of the inquiry directed by the statute. It is to contain the names of those who have been ascertained by that inquiry to be taxable inhabitants. The inquiry and ascertainment are acts essentially judicial in their nature, involving, in many cases, the decision of questions of law and fact. The law which imposes this duty on its officers cannot reasonably, and in my judgment does not in fact, exact infallibility on their part, or require them to act at their peril in discharging it."

The office of assessor, in determining what property is subject to, and what is exempt from, taxation, is judicial; and the assessors, in determining such questions, act judicially, and are not liable for errors committed in arriving at their conclusions upon that subject. Barhyte v. Shepherd, 35 N. Y. 238, overruling Prosser v. Secor, 5 Barb. 607. The above case was distinguished and apparently somewhat limited in the case of National Bank of Chemung v. City of Elmira, 53 N. Y. 49. But that was not an action against the assessors, but against the city of Elmira. In that case the assessors had no duty whatever to perform as to the property in question, and they had no judgment to exercise in regard to it, and in that respect it is different from the case at bar, and to my mind is not an authority on the facts in this case, where the assessors not only were required to ascertain by "diligent inquiry" whether the owner of the property in question came under the class of persons entitled to exemption, but also had to pass on the question of its value.

It appears by the evidence that the assessors who acted in this case made inquiries of various persons as to whether or not the plaintiff was a minister; also, further, Mr. Parcells, one of the defendants, testified that he "went before the board of state and county assessors and asked them about the property. They said it was assessable. So then, of course, we assessed the property." It seems conclusive to my mind that the assessors fulfilled the conditions imposed upon them by the law, and made "diligent inquiry," and decided that the plaintiff did not belong to the class of persons entitled to exemption. And

while, in so deciding, it is true, it did not make the plaintiff any the less a minister, yet in making these inquiries, and acting on the best information, and using their best judgment, they have done all the law requires of them as assessors, and they should not be held liable, if they erred therein.

It appears, by the overwhelming weight of evidence on the question of value, that this property was actually worth from $1,600 to $1,800, although the assessors only assessed it at $800, or about one-half its true value. In making the assessment it is evident that they followed the assessment roll of the town so far as they were able, which appears to be the usual method of assessing property in the town of Erwin. There is no proof, however, that the village of Painted Post had ever adopted a proposition allowing this kind of an assessment, as provided by section 104 of the village law.

Under section 113 of the village law (Laws 1897, p. 405, c. 414, as amended by Laws 1898, p. 1280, c. 539, § 1) the assessors of the village had jurisdiction over the property in question, as they had a right to assess it for local improvements, such as paving, sewers, fire protection, sidewalks, etc. Whether or not this property was assessed for any of those purposes the evidence is silent; but it shows that the assessors of villages have some jurisdiction, even over property exempt by the provisions of the tax law. It seems to me that the assessors in this instance did all that was required of them under the law, except that they should have assessed the property at its full value. They made diligent inquiry, and acted from the best information they could obtain as to whether the plaintiff was entitled to the exemption or not, and in so deciding they acted judicially (Weaver v. Devendorf and Others, 3 Denio, 117), and should not be held to respond individually to the plaintiff in damages for any error of judgment. They took the precaution, even, of taking the matter before the state assessors, and acted on all of the information thus obtained. It seems to me that the plaintiff ought not to recover.

The judgment of the Justice's Court should be reversed, with costs. Ordered accordingly.